IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS,
TYLER DIVISION

| | | |
|---|---|---|
| Samuel Merriweather, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| Shuttle Express, Inc., and Abdullah Aksoy | § | |
| *Defendants*. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants file this notice of removal under 28 U.S.C. § 1446(a).

## A.  INTRODUCTION

1. Plaintiff Samuel Merriweather sued defendants Shuttle Express, Inc., and Abdullah Aksoy for negligence on August 27, 2021, in the County Court at Law in Panola County, Texas. (Exhibit A, Plaintiff's Original Petition)

2. Plaintiff has requested service through the Hague Convention on these Defendants, each of whom are citizens of Canada, on February 17, 2022. (Exhibit B, Request for Service Abroad of Judicial or Extra Judicial Documents)

## B.  BASIS FOR REMOVAL

3. Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899–900 (9th Cir.

2006). Plaintiff is a citizen of Texas. Defendants are citizens of Canada. Additionally, the amount in controversy exceeds $1,000,000 as alleged by plaintiff. See 28 U.S.C. §§ 1332(a), 1446(c)(2)(B).

4. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a). (Exhibit C, State court file)

5. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

6. Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## C.  JURY DEMAND

11. Plaintiff did not demand a jury in the state-court suit. Defendants demand a jury trial and has filed (and also attached herewith) the appropriate demand.

## D. CONCLUSION

12. There is complete diversity between the plaintiff, who is a Texas citizen, and the defendants, who are citizens of Canada. For these reasons, defendants ask the Court to remove the suit to the Eastern District of Texas – Tyler Division.


Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78232
Telephone:     (210) 404-0333
Telecopier:     (210) 404-0336


By:_____

RICHARD W. ESPEY
State Bar No. 06667580
GRAHAM BAKER
State Bar No. 24044728
*Email:  espeyservice@lawespey.com

**ATTORNEYS FOR DEFENDANTS**
*service by email to this address only

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was forwarded by electronic transmission and/or first-class mail and/or facsimile transmission and/or certified mail, return receipt requested on the 20th day of April 2022, to:

Brent Goudarzi
Marty Young
GOUDARZI & YOUNG, LLP
3522 FOURTH STREET
LONGVIEW, TEXAS 75605
TEL: (903) 843-2544
FACSMILIE:  (903) 843-2026
ESERVE:  GOUDARZIYOUNG@GOUDARZI-YOUNG.COM

By:  _____
Richard W. Espey
Graham Baker

Filed 8/27/2021 11:19 AM
Lindsey Smith, District Clerk
Panola County, Texas
By: April Ham,
Deputy Clerk
2021-283

CAUSE NO. 2021-283

| | | |
|---|---|---|
| SAMUEL MERRIWEATHER | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| v. | § | AT LAW |
| | § | |
| | § | |
| SHUTTLE EXPRESS, INC. | § | |
| AND ABDULLAH AKSOY | § | PANOLA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, SAMUEL MERRIWEATHER, hereinafter called Plaintiff, complaining of SHUTTLE EXPRESS, INC. and ABDULLAH AKSOY, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

II.

Venue is proper in Panola County pursuant to Chapter 15, Texas Civil Practice and Remedies Code in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the statutory county courts of the State of Texas.

---

EXHIBIT A

## PARTIES AND SERVICE

### III.

Plaintiff, SAMUEL MERRIWEATHER, resides in Carthage, Texas. The last three digits of Plaintiff's driver's license number are 136. The last three digits of Plaintiff's social security number are 346.

Defendant, SHUTTLE EXPRESS, INC., is a Canadian entity that engages in business in the State of Texas. Defendant may be served with process by serving its President, Ian Smith, at Shuttle Express, Inc., 2070 Wyecroft Rd., Oakville, On L6L 5V6, Canada, through the Hague Service Convention.

Defendant, ABDULLAH AKSOY, resides at 2230 Munns Ave., Oakville, OH L6H M8, Canada, and may be served with process at this address or wherever he may be found through the Hague Service Convention.

## FACTS AND CAUSES OF ACTION

### IV.

At approximately 6:00 p.m. on May 17, 2021, Plaintiff was operating a 2006 Grand Marquis on U.S. Highway 59, stopped at a stop sign, in Panola County, Texas. Defendant, ABDULLAH AKSOY, was operating a 2020 Freightliner Corp. Cascadia, owned and/or leased by Defendant, SHUTTLE EXPRESS, INC., and was towing a Great Dane trailer owned and/or leased by Defendant, SHUTTLE EXPRESS, INC., while in the course and scope of employment with Defendant, SHUTTLE EXPRESS, INC., traveling on U.S. Highway 59, in front of Plaintiff, in Panola County, Texas. Suddenly and without warning, Defendant, ABDULLAH AKSOY, backed when unsafe and failed to control the speed of his tractor and trailer and struck Plaintiff's vehicle, subjecting the Plaintiff to tremendous force.

V.

Defendant, ABDULLAH AKSOY, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.415 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a)  An operator may not back the vehicle unless the movement can be made safely and without interference with other traffic.

2. Failing to keep a proper lookout;
3. Failing to timely apply brakes;
4. Failing to control the vehicle;
5. Failing to act and/or respond in a reasonable manner; and
6. Failing to control the speed of the vehicle.

Defendant ABDULLAH AKSOY's conduct on the occasion in question violated 545.415 of Vernon's Texas Statutes and Codes Annotated, Texas Transportation Code, by Defendant, ABDULLAH AKSOY, backing his tractor and trailer when such movement could not be made safely and without interference with other traffic.  Defendant, ABDULLAH AKSOY, failed to back with safety, as would have been necessary to avoid colliding with Plaintiff's vehicle while Plaintiff was traveling on U.S. Highway 59, in compliance with law and the duty of each person to use due care. Plaintiff is a member of the class of persons Section 545.415 of the Texas Transportation Code was designed to protect. The foregoing acts of negligence and negligence per se by Defendant, ABDULLAH AKSOY, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to Plaintiff.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendant, SHUTTLE EXPRESS, INC., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendant, SHUTTLE EXPRESS, INC.'s independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, ABDULLAH AKSOY;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VII.

At the time and on the occasion in question, and immediately prior thereto, Defendant, SHUTTLE EXPRESS, INC., was guilty of negligent entrustment and knew or should have known that Defendant, ABDULLAH AKSOY, was a negligent and reckless driver.

VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

IX.

Defendant, SHUTTLE EXPRESS, INC., is liable for the damages proximately caused to Plaintiff by the conduct of Defendant, ABDULLAH AKSOY, in that Defendant, SHUTTLE EXPRESS, INC., was the employer of Defendant, ABDULLAH AKSOY, on the date that Defendant, ABDULLAH AKSOY, negligently injured Plaintiff, as alleged above, and Defendant, ABDULLAH AKSOY, was acting within the course and scope of that employment when that injury occurred or Defendant, SHUTTLE EXPRESS, INC., had the right to control the activities of Defendant, ABDULLAH AKSOY.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants

employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

## DAMAGES FOR PLAINTIFF

### XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B.      Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E.      Mental anguish in the past;

F.      Mental anguish which, in reasonable probability, will be suffered in the future;

G.      Physical impairment in the past;

H.      Physical impairment which, in reasonable probability, will be suffered in the future;

I.      Disfigurement in the past;

J.      Disfigurement which, in reasonable probability, will be suffered in the future;

K.   Loss of earnings in the past;

L.   Loss of earning capacity which, in reasonable probability, will be incurred in the future;

M.   Exemplary damages.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

### PROPERTY DAMAGE

#### XII.

Plaintiff has also suffered damages to his 2006 Grand Marquis as a result of this accident and Defendants' negligence and Plaintiff should be reimbursed for those damages as well as for the loss of use of his motor vehicle, along with any other property damage sustained in the accident.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone:  (903) 843-2544
Facsimile:  (903) 843-2026
E-Serve:  goudarziyoung@goudarzi-young.com


By: _____
       Brent Goudarzi
       State Bar No. 00798218
       Marty Young
       State Bar No. 24010502

ATTORNEYS FOR PLAINTIFF

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRA JUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Hage, le 15 Novembrè 1965.*

| **Identity and address of the applicant**<br>*Indentité et adresse du requérant* | **Address of receiving authority**<br>*Adrese de l'autorité destinataire* |
|---|---|
| L. Celeste Ingalls**<br>**Crowe Foreign Services**<br>**733 SW Vista Avenue**<br>**Portland, Oregon 97205**<br>**USA**<br>**Email: Lci@foreignservices.com**<br>**Fax Number: 1-503-222-3950** | **Ministry of the Attorney General**<br>**Ontario Court of Justice**<br>**393 Main Street**<br>**Haileybury, ON P0J 1K0**<br>**Canada**<br><br>**T (705) 672-3395 ext. 214   F (705) 672-3360** |

The undersigned applicant has the honour to transmit - in duplicate - the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., **(identity and address)**

*Le requérant soussigné a l'honneur de faire parvenir - en double exemplaire - a l'autorité destinataire les documents ci-dessous énumérés en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir: (identité et adresse)*

**Abdullah Aksoy**
**2230 Munn's Avenue**
**Oakville, ON L6H 3M8**

☒ **(a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.***
  *a)   selon les formes légales (article 5, alinéa premier, lettre a).*

☐ ~~(b)  in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:~~
  ~~*b)   selon la forme particulière suivante (article 5, alinéa premier, lettre b):*~~

☐ ~~(c)  by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.~~
  ~~*c)   le cas échéant, par remise simple (article 5, alinéa 2).*~~

The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes* - with a certificate as provided on the reverse side.

*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

Hague "Summary" (2 pages)
Citation
Plaintiff's Original Petition
Administrative Order
Order

**Done at Portland, Oregon, USA, the** *17* **day of** *Feb* **, 2022.**
*Fait à Portland, Oregon, USA, le...*

**Signature and/or stamp.**
*Signature et/ou cachet*



*L. Celeste Ingalls* (signature)

L. Celeste Ingalls

\*    Delete if inappropriate
   *Rayer les mentions inutiles*

\*\*  **Authorized applicant pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, Public Law 97-462 and Texas County Court Order**

EXHIBIT B

Filed 8/27/2021 11:19 AM
Lindsey Smith, District Clerk
Panola County, Texas
By: April Ham,
Deputy Clerk
2021-283

CAUSE NO. 2021-283

| | | |
|---|---|---|
| SAMUEL MERRIWEATHER | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| v. | § | AT LAW |
| | § | |
| | § | |
| SHUTTLE EXPRESS, INC. | § | |
| AND ABDULLAH AKSOY | § | PANOLA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, SAMUEL MERRIWEATHER, hereinafter called Plaintiff, complaining of SHUTTLE EXPRESS, INC. and ABDULLAH AKSOY, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

#### I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

#### II.

Venue is proper in Panola County pursuant to Chapter 15, Texas Civil Practice and Remedies Code in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the statutory county courts of the State of Texas.

Plaintiff's Original Petition                                                                                        Page 1

EXHIBIT C

## PARTIES AND SERVICE

### III.

Plaintiff, SAMUEL MERRIWEATHER, resides in Carthage, Texas. The last three digits of Plaintiff's driver's license number are 136.  The last three digits of Plaintiff's social security number are 346.

Defendant, SHUTTLE EXPRESS, INC., is a Canadian entity that engages in business in the State of Texas.  Defendant may be served with process by serving its President, Ian Smith, at Shuttle Express, Inc., 2070 Wyecroft Rd., Oakville, On L6L 5V6, Canada, through the Hague Service Convention.

Defendant, ABDULLAH AKSOY, resides at 2230 Munns Ave., Oakville, OH L6H M8, Canada, and may be served with process at this address or wherever he may be found through the Hague Service Convention.

## FACTS AND CAUSES OF ACTION

### IV.

At approximately 6:00 p.m. on May 17, 2021, Plaintiff was operating a 2006 Grand Marquis on U.S. Highway 59, stopped at a stop sign, in Panola County, Texas.  Defendant, ABDULLAH AKSOY, was operating a 2020 Freightliner Corp. Cascadia, owned and/or leased by Defendant, SHUTTLE EXPRESS, INC., and was towing a Great Dane trailer owned and/or leased by Defendant, SHUTTLE EXPRESS, INC., while in the course and scope of employment with Defendant, SHUTTLE EXPRESS, INC., traveling on U.S. Highway 59, in front of Plaintiff, in Panola County, Texas.  Suddenly and without warning, Defendant, ABDULLAH AKSOY, backed when unsafe and failed to control the speed of his tractor and trailer and struck Plaintiff's vehicle, subjecting the Plaintiff to tremendous force.

V.

Defendant, ABDULLAH AKSOY, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.    Violating Section 545.415 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

(a)  An operator may not back the vehicle unless the movement can be made safely and without interference with other traffic.

2.    Failing to keep a proper lookout;
3.    Failing to timely apply brakes;
4.    Failing to control the vehicle;
5.    Failing to act and/or respond in a reasonable manner; and
6.    Failing to control the speed of the vehicle.

Defendant ABDULLAH AKSOY's conduct on the occasion in question violated 545.415 of Vernon's Texas Statutes and Codes Annotated, Texas Transportation Code, by Defendant, ABDULLAH AKSOY, backing his tractor and trailer when such movement could not be made safely and without interference with other traffic.  Defendant, ABDULLAH AKSOY, failed to back with safety, as would have been necessary to avoid colliding with Plaintiff's vehicle while Plaintiff was traveling on U.S. Highway 59, in compliance with law and the duty of each person to use due care. Plaintiff is a member of the class of persons Section 545.415 of the Texas Transportation Code was designed to protect. The foregoing acts of negligence and negligence per se by Defendant, ABDULLAH AKSOY, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to Plaintiff.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendant, SHUTTLE EXPRESS, INC., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendant, SHUTTLE EXPRESS, INC.'s independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, ABDULLAH AKSOY;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VII.

At the time and on the occasion in question, and immediately prior thereto, Defendant, SHUTTLE EXPRESS, INC., was guilty of negligent entrustment and knew or should have known that Defendant, ABDULLAH AKSOY, was a negligent and reckless driver.

VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

IX.

Defendant, SHUTTLE EXPRESS, INC., is liable for the damages proximately caused to Plaintiff by the conduct of Defendant, ABDULLAH AKSOY, in that Defendant, SHUTTLE EXPRESS, INC., was the employer of Defendant, ABDULLAH AKSOY, on the date that Defendant, ABDULLAH AKSOY, negligently injured Plaintiff, as alleged above, and Defendant, ABDULLAH AKSOY, was acting within the course and scope of that employment when that injury occurred or Defendant, SHUTTLE EXPRESS, INC., had the right to control the activities of Defendant, ABDULLAH AKSOY.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants

employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

### DAMAGES FOR PLAINTIFF

### XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be suffered in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Disfigurement in the past;

J. Disfigurement which, in reasonable probability, will be suffered in the future;

K.    Loss of earnings in the past;

L.    Loss of earning capacity which, in reasonable probability, will be incurred in the future;

M.    Exemplary damages.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

**PROPERTY DAMAGE**

XII.

Plaintiff has also suffered damages to his 2006 Grand Marquis as a result of this accident and Defendants' negligence and Plaintiff should be reimbursed for those damages as well as for the loss of use of his motor vehicle, along with any other property damage sustained in the accident.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone:  (903) 843-2544
Facsimile:  (903) 843-2026
E-Serve:  goudarziyoung@goudarzi-young.com

By: _____
        Brent Goudarzi
        State Bar No. 00798218
        Marty Young
        State Bar No. 24010502

ATTORNEYS FOR PLAINTIFF

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRA JUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Hage, le 15 Novembrè 1965.*

| **Identity and address of the applicant** | **Address of receiving authority** |
|---|---|
| *Indentité et adresse du requérant* | *Adrese de l'autorité destinataire* |
| **L. Celeste Ingalls*** | **Ministry of the Attorney General** |
| **Crowe Foreign Services** | **Ontario Court of Justice** |
| **733 SW Vista Avenue** | **393 Main Street** |
| **Portland, Oregon 97205** | **Haileybury, ON P0J 1K0** |
| **USA** | **Canada** |
| **Email: Lci@foreignservices.com** | |
| **Fax Number: 1-503-222-3950** | **T (705) 672-3395 ext. 214   F (705) 672-3360** |

The undersigned applicant has the honour to transmit - in duplicate - the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)

*Le requérant soussigné a l'honneur de faire parvenir - en double exemplaire - a l'autorité destinataire les documents ci-dessous énumérés en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savior:*
(identité et adresse)

**Abdullah Aksoy**
**2230 Munn's Avenue**
**Oakville, ON L6H 3M8**

☒ (a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
 *a)  selon les formes légales (article 5, alinéa premier, lettre a).*

☐ (b)  in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
 *b)  selon la forme particulière suivante (article 5, alinéa premier, lettre b):*

☐ (c)  by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
 *c)  le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes* - with a certificate as provided on the reverse side.

*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

Done at Portland, Oregon, USA, the *17* day of *Feb*, 2022.
*Fait à Portland, Oregon, USA, le...*

Hague "Summary" (2 pages)
Citation
Plaintiff's Original Petition
Administrative Order
Order

**Signature and/or stamp.**
*Signature et/ou cachet*

OFFICIAL STAMP
LYLE CELESTE INGALLS
NOTARY PUBLIC-OREGON
COMMISSION NO. 971979
MY COMMISSION EXPIRES MARCH 04, 2022

*L. Celeste Ingalls*

\*    Delete if inappropriate
*Rayer les mentions inutiles*

\*\*  **Authorized applicant pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, Public Law 97-462 and Texas County Court Order**

Filed 1/31/2022 12:48 PM
Lindsey Smith, District Clerk
Panola County, Texas
By: Lora Brown,
Deputy Clerk
2021-283

**CAUSE NO. 2021-283**

| | | |
|---|---|---|
| SAMUEL MERRIWEATHER | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| v. | § | AT LAW |
| | § | |
| | § | |
| SHUTTLE EXPRESS, INC. | § | |
| AND ABDULLAH AKSOY | § | PANOLA COUNTY, TEXAS |

## <u>ORDER APPOINTING INTERNATIONAL PROCESS SERVER</u>

Pursuant to Chapter 1, Article 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session of the Hague Conference on Private International Law on 15 November, 1965 (the "Hague Convention"), and for good cause shown, the Court hereby appoints Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, 97205, and its agents, as the authority and judicial officer competent under the Jurisdiction of this Court to forward to the Central Authority in the applicable country, any and all documents to be served in this case.

IT IS SO ORDERED on this ___31st___ day of ___January___, 2022.

_____
PRESIDING JUDGE

**CITATION – Personal Service: TRC 99**

THE STATE OF TEXAS                                                    COUNTY OF PANOLA

CAUSE NO. 2021-283

TO:  ABDULLAH AKSOY, 2230 MUNNS AVENUE, OAKVILLE, OH L6H M8, CANADA

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. *In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org

| | |
|---|---|
| Court: | County Court at Law<br>108 S. Sycamore, Carthage, Texas 75633 |
| Cause No.: | 2021-283 |
| Case Style: | Samuel Merriweather vs. Shuttle Express, Inc.,Abdullah Aksoy |
| Date of Filing: | August 27, 2021 |
| Document: | PLAINTIFF'S ORIGINAL PETITION |
| Parties in Suit: | Samuel Merriweather and Shuttle Express, Inc.; Abdullah Aksoy |
| Clerk: | Lindsey Smith, District Clerk<br>110 S. Sycamore, Carthage, Texas 75633 |
| Party or<br>Party's Attorney: | Brent Goudarzi , Attorney<br>Goudarzi & Young LLP<br>Po Drawer 910<br>Gilmer TX 75644 |

Issued under my hand and seal of this said court on this the 27th day of August, 2021.

Lindsey Smith, District Clerk
Panola County, Texas

BY: _____ Deputy

**Service Return**

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the ___ day of _____, 20___, at _____ M by delivering to the within named _____ _____ in person

a true copy of this citation, with attached copy of the_____
_____ at
_____

[ ] Not executed. The diligence use in finding defendant being _____
_____

[ ] Information received as to the whereabouts of defendant being _____
_____

| | |
|---|---|
| Service Fee: $ _____ | _____ Sheriff/Constable<br>_____ County, Texas |
| Service ID No. _____ | _____<br>Deputy/Authorized Person |

**VERIFICATION**

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Panola County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____ , 20_____

** Service by Rule 106 TRC if directed by attached Court Order          _____ Notary Public

| CITATION – Personal Service: TRC 99 |
|---|

THE STATE OF TEXAS                                                    COUNTY OF PANOLA

CAUSE NO. 2021-283

TO:  SHUTTLE EXPRESS, INC., PRESIDENT IAN SMITH, 2070 WYECROFT ROAD, OAKVILLE, ON L6L 5V6, CANADA

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. *In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org

| | |
|---|---|
| Court: | County Court at Law<br>108 S. Sycamore, Carthage, Texas 75633 |
| Cause No.: | 2021-283 |
| Case Style: | Samuel Merriweather vs.  Shuttle Express, Inc.,Abdullah Aksoy |
| Date of Filing: | August 27, 2021 |
| Document: | PLAINTIFF'S ORIGINAL PETITION |
| Parties in Suit: | Samuel Merriweather and Shuttle Express, Inc.; Abdullah Aksoy |
| Clerk: | Lindsey Smith, District Clerk<br>110 S. Sycamore, Carthage, Texas 75633 |
| Party or<br>Party's Attorney: | Brent Goudarzi , Attorney<br>Goudarzi & Young LLP<br>Po Drawer 910<br>Gilmer, TX 75644 |

Issued under my hand and seal of this said court on this the 27th day of August, 2021.

Lindsey Smith, District Clerk
Panola County, Texas

BY: _____, Deputy

---

## Service Return

Came to hand on the ____ day of _____, 20___, at _____m., and executed on the ____day of _____, 20___, at ____ M by delivering to the within named _____ _____ in person a true copy of this citation, with attached copy of the_____ _____ at

[  ] Not executed. The diligence use in finding defendant being _____

[  ] Information received as to the whereabouts of defendant being _____

| | |
|---|---|
| Service Fee: $ _____ | _____ Sheriff/Constable<br>_____ County, Texas |
| Service ID No. _____ | _____ Deputy/Authorized Person |

<u>VERIFICATION</u>

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Panola County Courts to serve process.

Subscribed and sworn to before me on this the  _____ day  of _____, 20_____

** Service by Rule 106 TRC if directed by attached Court Order                  _____Notary Public

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS,
TYLER DIVISION**

| | | |
|---|---|---|
| Samuel Merriweather, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| Shuttle Express, Inc., and Abdullah Aksoy | § | |
| *Defendants*. | § | |

## DEFENDANTS' DEMAND FOR JURY TRIAL

Defendants Shuttle Express, Inc. and Abdullah Aksoy assert their rights under the

Seventh Amendment of the U.S. Constitution and demands, in accordance with Federal Rule of

Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78232
Telephone:     (210) 404-0333
Telecopier:     (210) 404-0336

By:_____
        RICHARD W. ESPEY
        State Bar No. 06667580
        GRAHAM BAKER

State Bar No. 24044728
*Email:  espeyservice@lawespey.com

**ATTORNEYS FOR DEFENDANTS**
*service by email to this address only

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was forwarded by electronic transmission and/or first-class mail and/or facsimile transmission and/or certified mail, return receipt requested on the 20th day of April 2022, to:

Brent Goudarzi
Marty Young
GOUDARZI & YOUNG, LLP
3522 FOURTH STREET
LONGVIEW, TEXAS 75605
TEL: (903) 843-2544
FACSMILIE:  (903) 843-2026
ESERVE:  GOUDARZIYOUNG@GOUDARZI-YOUNG.COM

By:  _____
      Richard W. Espey
      Graham Baker